# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | * |
| **Plaintiff,** | * |
| v. | Case No.: GJH-16-599 |
| | * |
| **ANDRE MONTGOMERY,** | |
| | * |
| **Defendant.** | |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Defendant Andre Montgomery is currently serving a sentence of 84 months of incarceration after pleading guilty to Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances. ECF No. 225. Pending before the Court is Mr. Montgomery's Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 328. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons that follow, Mr. Montgomery's Motion is denied.

**I.   BACKGROUND**

On November 9, 2017, Defendant pleaded guilty to Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. § 846. ECF Nos. 150, 151. Attached to the plea agreement was a statement of stipulated facts describing conduct supporting Defendant's guilty plea. ECF No. 151-1.

The stipulation states that, from at least February 2015 until about December 2016, the Defendant conspired with others to distribute cocaine and cocaine base. ECF No. 151-1 at 1. Defendant was a retail dealer of both cocaine and cocaine base. *Id*. On September 24, 2016,

1

Defendant ordered an ounce of cocaine from a co-conspirator and the cocaine was delivered to him. *Id*. On December 15, 2016, law enforcement executed search warrants at a number of locations relevant to the conspiracy, including Defendant's residence. *Id*. At Defendant's residence, law enforcement recovered small amounts of cocaine and marijuana, drug paraphernalia, and $3,900 in U.S. currency. *Id*. at 2.

Defendant's sentencing hearing was held on May 1, 2018. ECF No. 224. At the hearing, the Court determined that Defendant was a career offender as a result of three previous felony drug convictions. ECF No. 171 at 12. Based on an offense level of 29 and Defendant's criminal history score placing him in criminal history category VI, the Court determined that Defendant's advisory sentencing guidelines range was 151 to 188 months. ECF No. 226 at 1. The Court sentenced Defendant to a below-guidelines sentence of 84 months incarceration. ECF No. 225.

On February 2, 2021, Defendant filed a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), citing his potential for complications from COVID-19 based on his medical history. ECF No. 328. The Government filed an Opposition on February 17, 2021. ECF No. 330, 332.[1]

**II.   DISCUSSION**

Asserting that his asthma and other related health issues, as well as a previous COVID-19 infection, place him at serious risk of becoming seriously ill from a second infection of COVID-19, Defendant moves for a reduction in his sentence for "extraordinary and compelling reasons" pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 328.

---

[1] All motions to seal and the consent motion for briefing order related to the pending motion are granted. ECF Nos. 327, 329, 331.

**A. Governing Provisions**

Recently modified by Section 603(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5238 (2018), 18 U.S.C. § 3582(c) bars courts from modifying terms of imprisonment once imposed unless certain conditions are met. *See United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020). In relevant part, § 3582(c)(1)(A) provides that:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1).

Accordingly, after determining whether administrative remedies have been exhausted, the Court typically next considers whether a reduction is warranted for extraordinary and compelling reasons, the meaning of which is a matter of the Court's independent discretion. *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020). Next, the Court assesses whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Thus, the Court must find that "[e]xtraordinary and compelling reasons warrant the reduction;"[2] that "[t]he defendant is not a danger to the safety of any other person or to the

---

[2] A provision of the Policy Statement not at issue here, § 1B1.13(1)(B), provides an alternative to finding extraordinary and compelling reasons under § 1B1.13(1)(A) for Defendants who are at least 70 years old and have served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c).

3

community, as provided in 18 U.S.C. § 3142(g);" and that "[t]he reduction is consistent with [the Sentencing Commission's] policy statement." U.S.S.G. § 1B1.13. Finally, § 3582(c)(1)(A) provides that after considering the Policy Statement, the Court must "consider[] the factors set forth in section 3553(a) to the extent that they are applicable."

### B. Exhaustion of Administrative Remedies

As noted previously, § 3582(c)(1)(A) requires that a defendant seeking a modification of a term of imprisonment "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, Defendant filed a request for compassionate release with the Warden and his request was denied. ECF No. 328-2. Therefore, he has exhausted his administrative rights.

### C. Extraordinary and Compelling Reasons

The Court next considers whether Defendant has sufficiently demonstrated extraordinary and compelling reasons warranting a reduction of his sentence. Defendant bases his argument on the fact that he has asthma and has previously contracted COVID-19. The website for the Center for Disease Control ("CDC") states that individuals with moderate-to-severe or uncontrolled asthma are more likely to be hospitalized from COVID-19. *People with Moderate to Severe Asthma*, CDC (Apr. 7, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/asthma.html. However, nothing in Defendant's medical records indicates that his asthma rises to the level of moderate, severe, or uncontrolled. ECF No. 332-1 at 1 ("Per Pt account his asthma has been in complete remission for several years."). Additionally, Defendant cites to no research or public health guidance indicating that persons that have recovered from

mild cases of COVID-19, ECF No. 332-2 at 14-16, are at heightened risk of becoming more severely ill from contracting COVID-19 a second time.

      Thus, Mr. Montgomery's circumstances do not provide extraordinary and compelling reasons warranting a sentence reduction.

### D. Dangerousness and 3553 Factors

Even if Defendant could provide extraordinary and compelling reasons justifying a sentence reduction, his request would still fail.

As noted previously, the Policy Statement directs that, to proceed with a sentence reduction, the Court must find that "[e]xtraordinary and compelling reasons warrant the reduction;" that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and that "[t]he reduction is consistent with [the Sentencing Commission's] policy statement." U.S.S.G. § 1B1.13. To determine whether a defendant is a danger under § 3142(g), courts consider the (1) "nature and circumstances of the offense charged"; (2) "weight of the evidence against the person"; (3) "history and characteristics of the person"; and (4) "nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

With respect to the sentencing factors, § 3553(a)(1), "the nature and circumstances of the offense and the history and characteristics of the defendant," and § 3553(a)(2), "the need for the sentence imposed" to further several purposes, are relevant in weighing compassionate release motions. *See United States v. Williams*, No. 19-cr-284-PWG, 2020 WL 3447757, at *5 (D. Md. June 24, 2020). The purposes listed in § 3553(a)(2) include "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of

the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

After considering Mr. Montgomery's potential dangerousness and the § 3553(a) factors, the Court concludes that compassionate release is not appropriate. In addition to now having four felony drug offense convictions, Defendant has multiple convictions for Assault and a conviction for Robbery. ECF No. 171 at 7-12. At the time of Defendant's sentencing, his criminal history score was a 24 and he was separately determined to be a Career Offender. *Id*. at 12. Despite this, Defendant was given a below guideline sentence for this conviction. A further reduction of sentence would be inconsistent with the § 3553(a) factors.

### III. CONCLUSION

For the foregoing reasons, Defendant's Emergency Motion for Compassionate Release Pursuant to 18 U.S.C § 3582(c)(1)(A)(i), ECF No. 64, is **DENIED**.

Date: May  24, 2021                       __/s/_____
                                           GEORGE J. HAZEL
                                           United States District Judge